### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL AMOS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | **Case No. 1:19-CV-719** |
| | : | |
| v. | : | **Judge Matthew W. McFarland** |
| | : | |
| NVR, INC., dba RYAN HOMES, *et al.*, | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| Defendants. | : | |

### <u>AGREED PROTECTIVE ORDER</u>

Plaintiffs Michael and Natasha Amos and Defendants NVR, Inc., dba Ryan Homes and NVR Mortgage Finance, Inc., by their respective counsel, have agreed to the entry of this Protective Order, which shall govern all discovery taken in connection with the above-referenced case.  This Court, having considered this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS as follows:

**1.**     DESIGNATION OF PROTECTED MATERIAL

1.1     This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

1.2     In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected

Material").

(a)     A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) used by it in, or pertaining to its business or personal matters and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b)     A party may designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive personal information or business information related to pricing or costs. In the alternative to designating such information as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, a party may redact the information at issue.

1.3     The following information shall not be designated or protected under this Protective Order:

(a)     Information that is in the public domain at the time of disclosure, including advertising materials, press releases, and publicly-filed financial statements;

(b)     Information that at any time is made public through no act of a non-designating party;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation or other competent evidence that the information independently came into its rightful possession; or

(d)     Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4     Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, as appropriate, and indicating the identity of the producing party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number).

1.5     In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6     Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)     Any party may designate any portion or all of a deposition as CONFIDENTIAL

- 3 -

or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties on the record during the deposition.  The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information.  At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b)     Any party may also designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties separately in writing within thirty days of receipt of the transcript.  In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript.

**2.**     ACCESS TO AND USE OF PROTECTED MATERIAL

2.1     Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose (except as indicated below), and shall be disclosed only as provided in the following paragraphs.

2.2     Information which has been designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed only to:

(a)     The outside attorneys of record and their employees who are engaged in assisting in this action;

(b)     Independent consultants or experts retained by the party or its attorneys in connection with this action, but only subject to the provisions of paragraph 2.4 below;

(c)     The Court and its personnel;

- 4 -

(d)     Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(e)     Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel; and

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information.

2.3     Information that has been designated as CONFIDENTIAL may be disclosed only to:

(a)     The persons identified in paragraph 2.2; and

(b)     Any party or employee of a party to whom disclosure is reasonably necessary for this litigation.

2.4     Protected Material shall be disclosed to consultants and experts only upon the following terms:

(a)     Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment.  Without limitation, identification of an individual as a testifying or consulting expert in a discovery response or written disclosure shall satisfy this requirement;

(b)     Unless another party notifies the proposing party of any objection and that objection is received within five business days after notification (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

(c)     In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to

- 5 -

the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

(d)     The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court.  The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert.  If no such motion is filed within ten business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(e)     No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for trial through the use of consultants and experts.

2.5     Prior to receiving any Protected Material, any persons described in sections (b) or (e) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A.  A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.6     Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

(a)     Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party;

(b)     Former employees of the parties, or former employees of third parties, may be

examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c)     Subject to the restrictions on discovery of non-testifying/consulting experts provided by Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure, former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that pertains to the subject matter of his/her opinions.

2.7     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial.  However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

2.8     Nothing in this Protective Order shall bar or otherwise restrict a party's attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of any Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.

2.9     All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

**3.**     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1     Any party believing that particular information has been improperly marked, i.e., that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged.  Within ten business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2     The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court.  If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court.  The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3     Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**4.     FILING OF PROTECTED MATERIAL**

This Protective Order does not authorize filing Protected Material under seal.  Prior to filing with the Court any paper, document, exhibit, or other thing that contains or discloses Protected Material, the filing party must first move for leave to file the material under seal pursuant to S.D. Ohio Local Rule 5.2.1.  Only if so directed by the Court may the party file such material publicly.

**5.     TERMINATION OF LITIGATION**

5.1     The obligations of this Protective Order shall survive the termination of the action

and continue to bind the parties.  Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, all persons to whom Protected Material has been disclosed shall destroy all accessible Protected Material (and all copies or extracts thereof), except that the parties' outside counsel may retain copies of pleadings, briefs, motions, depositions, exhibits, attorney notes and the like that include Protected Material.

**6.    THIRD PARTY DISCOVERY**

6.1    In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing in advance of any production.  Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

6.2    Any party to the case may specifically designate materials produced by the third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  A party who so designates the third-party materials must promptly notify in writing all other parties to the case of such designation and must promptly include a copy of the third-party materials, properly marked with such designation.  Once third-party materials have been specifically designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY pursuant to this paragraph, the remaining provisions of this Protective Order concerning use and restrictions on such Protected Material shall apply.  In the alternative to designating information produced by a third party as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, a party may redact the information at issue and provide redacted copies of the documents to the other parties.  The other parties must then destroy all non-redacted copies, except that counsel may retain a copy as

necessary to challenge the redactions.

6.3     The designation of any materials produced by any third party as protected under this Order shall be subject to challenge by any party hereto as provided in Section 3.

**7.     INADVERTENT DISCLOSURE**

7.1     If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation.  The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material.  Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2     In accordance with Federal Evidence Rule 502(d), except when a party intentionally and expressly waives attorney-client privilege or work-product protection by disclosing information to an adverse party as provided in Federal Evidence Rule 502(a), the production or disclosure of documents or other information subject to the attorney-client privilege, the work-product doctrine, or other privilege or immunity shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information.  Further, the provisions of Federal Evidence Rule 502(b)(2) are inapplicable to the production of such information.  If a producing party produces or otherwise discloses to a receiving party

information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the disclosed information be returned or destroyed. The receiving party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B) upon receiving such a request. Nothing in this Protective Order shall preclude the receiving party from contesting the claim of attorney-client privilege or work-product protection and seeking an order compelling the production of information previously produced, but the receiving party shall not assert as a ground for compelling disclosure the fact or circumstances of an inadvertent disclosure. This Protective Order does not preclude a party from intentionally and expressly waiving the attorney-client privilege or work-product protection, and the provisions of Federal Evidence Rule 502(a) shall apply when the producing party uses or indicates that it may affirmatively use information produced under this Protective Order to support a claim or defense in the case.

**8.** MISCELLANEOUS PROVISIONS

8.1 If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no less than seven business days prior to production of the Protected Material in response to the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this

Protective Order.  The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request to disobey a lawful directive from another court.  Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order, so long as the party receiving the Third Party Request has complied with paragraph 8.1 above.

8.3     This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4     Treatment by counsel or the parties of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information.  Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5     This Order is agreed upon by the parties for the purpose of facilitating discovery, but no rights are waived hereby.  No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt or thereafter shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

IT IS SO ORDERED.

Dated **Jul 23, 2020**

Karen L. Litkovitz
United States Magistrate Judge

AGREED TO:

/s/ J. Robert Linneman
J. Robert Linneman
SANTEN & HUGHES
1600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450 (Voice)
513-721-0109 (Facsimile)
jrl@santen-hughes.com

*Counsel for Plaintiffs*
*Michael & Natasha Amos*

/s/ Jared M. Klaus
Ryan P. Sherman (0075081), Trial Attorney
Jared M. Klaus (0087780)
Sean P. Klammer (0097843)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, 29th Floor
Columbus, Ohio  43215
614-227-2184 (Voice)
614-227-2100 (Facsimile)
rsherman@porterwright.com
jklaus@porterwright.com
sklammer@porterwright.com

*Counsel for Defendants*
*NVR, Inc. dba Ryan Homes & NVR Mortgage*
*Finance, Inc.*

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL AMOS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | **CASE NO. 1:19-CV-719** |
| | : | |
| v. | : | **Judge Matthew W. McFarland** |
| | : | |
| NVR, INC., dba RYAN HOMES, *et al.*, | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| Defendants. | : | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I acknowledge that I have been given access to, or may be given access to, certain information, materials, documents, or testimony that a party in the above-referenced litigation (the "Case") considers Protected Material. I have received a copy of the Agreed Protective Order in the Case. I have read the Agreed Protective Order, I understand the terms of the Agreed Protective Order, and I agree to be bound by the terms of the Agreed Protective Order. I understand that the Agreed Protective Order, among other things, prohibits me from disclosing any Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or CONFIDENTIAL to any person not permitted to receive it under Section 2.2 and 2.3, respectively, of the Agreed Protective Order, unless the person is a member of my staff allowed to have access to the information under the Agreed Protective Order, in which case I will inform that person of the contents of the Agreed Protective Order and will take all steps necessary to ensure that that person preserves the confidentiality of the information. I understand that the Protected Material is to be used only for the litigation of this Case.

I further understand that at the conclusion of this Case, I shall destroy all Protected Material provided to me as set forth in Section 5.1.

Dated: _____          Signature: _____

                                          Print Name: _____

                                          Address: _____

                                                   _____

672257.2