IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAEL AMOS, et al., | : | Case No. 1:19-cv-719 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NVR, INC., d/b/a RYAN HOMES, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER CLARIFYING ISSUES FOR TRIAL

This case is before the Court following briefing on the issues that remain for trial (Docs. 47, 49-51). Following disposition of the motions for summary judgment, the Court held a status conference. The parties disagreed on what issues remained for jury trial. They agree that trial will proceed on Count 5, Plaintiffs' claim under the Ohio Consumer Sales Practice Act (OCSPA), O.R.C. § 1345.01 et seq. (Doc. 49.) They disagree on whether any part of Count 1, the Breach of Warranty claim, remains to be tried. (Docs. 50, 51.) Defendants believe that the Court's summary judgment order resolved that claim. Plaintiffs argue that the issue remains unresolved and that a jury must hear it.

I

A brief review of the claims and summary judgment ruling is in order. Plaintiffs brought six claims against Defendants. Against Ryan Homes: (1) breach of contract and/or warranty; (2) breach of implied warranty; (3) negligence; and (4) violation of the Ohio Home Construction Services Suppliers Act. Against NVR Mortgage Finance

(NVRMF); (5) violation of the OCSPA. And against both defendants: (6) civil conspiracy. (Amended Complaint, Doc. 10.) The parties stipulated to the dismissal of Count 6, the civil conspiracy claim. (Doc. 45.) So the first five claims remained at the summary judgment stage.

One of those claims was the OSCPA claim (Count 5) against NVRMF, for which the Court denied summary judgment and the parties agree remains to be settled or tried. (Doc. 49.) The other four claims were against Ryan Homes; Ryan Homes moved for summary judgment against all of them. The Court found that most of them were time-barred, except for the breach of warranty claim, which Plaintiffs brought under the Limited Warranty. (Order, Doc. 46, Pg. ID 1434.) Two issues presented under the Limited Warranty: whether there was a breach, such that the Court could grant summary judgment for either side, and whether the Exclusive-Remedy Clause contained within the Limited Warranty was enforceable. (*Id.* at Pg. ID 1438.) The Court found that, as to breach, it could not enter summary judgment for either side on the available record. (*Id.* at Pg. ID 1439-40.) But the Court proceeded to find that the Exclusive-Remedy Clause was enforceable.

The agreement provides that, in the event of a defect, Ryan Homes "will repair, replace, or pay the reasonable cost of repairing or replacing the defective component. The Builder will have the right to decide in its own discretion which of those remedies it will provide." (*Id.* at Pg. ID 1438-39, citing Doc. 35-4, Pg. ID 823.) Using similar language, the Exclusive-Remedy Clause reads: "The repair, replacement or payment remedy selected by the Builder will be the exclusive remedy for which the Builder will be liable

2

with respect to the pertinent defect." (*Id.* at Pg. ID 1439, citing Doc. 35-4, Pg. ID 823.) The Court found this contract policy enforceable. (*Id.* at Pg. ID 1440-41.) After explaining why Plaintiffs' positions were wrong, the Court concluded that Plaintiffs would be limited to receiving the remedies they contracted for in the Limited Warranty. (*Id.* at Pg. ID 1441.)

II

Plaintiffs' position now is that a jury should hear their claim under the Limited Warranty. (Doc. 50, Pg. ID 1450.) But the Court's ruling on the Exclusive-Remedy Clause forecloses that possibility. To permit trial on the breach of Limited Warranty, the Court would, in effect, be reconsidering its decision on the Exclusive-Remedy Clause. But nothing Plaintiffs now argue persuades the Court that its decision on the Exclusive-Remedy Clause was wrong.

Plaintiffs cite various decontextualized statements from the Court's Summary Judgment Order in an attempt to prove that a jury needs to hear the Limited Warranty issue. For instance, they note that the Court observed that genuine issues of material fact remained around breach of warranty. (Order, Doc. 46, Pg. ID 1440.) But all that meant is that the Court could not find, one way or another, that Defendants had breached the Limited Warranty. That finding does not have the significance Plaintiffs assert it has, because the breach issue is inseparable from the enforceability issue. (*See* Doc. 46, Pg. ID 1438.) It is true that the Court denied summary judgment on breach. But it went on to find that the Exclusive-Remedy Clause was enforceable. And that clause lays out next steps for these parties: for Defendants to provide a remedy they select. At the time of

3

summary judgment, the status of those efforts was unclear, so the Court was unable to determine whether Ryan Homes had discharged its responsibility. (*Id.* at Pg. ID 1439.) Now, however, Defendants have provided evidence that they have attempted to resolve the warranty portion of the case. (Doc. 51-1, Pg. ID 1460.) It is now up to Plaintiffs to accept the Court's ruling that the Exclusive-Remedy Clause is enforceable and coordinate with Defendants to complete the repairs.

Plaintiffs push back on this conclusion, citing the Court's finding that, "[i]t cannot be conclusively determined at this stage that the exclusive remedy deprives Plaintiffs of the substantial value of their bargain, leaving them without a remedy." (Doc. 50, Pg. ID 1451, citing Doc. 46, Pg. ID 1443.) Based on this statement, Plaintiffs claim the Limited Warranty issue still needs to be tried. Not so. That quote comes from the Court's analysis *rejecting* Plaintiff's argument that the Limited Warranty fails of its essential purpose. The Court proceeded to conclude that the Exclusive-Remedy Clause did not fail of its essential purpose. (Doc. 46, Pg. ID 1442.) The Plaintiffs are not without a remedy. They are just resisting the remedy they have.

Plaintiffs also argue that "it is necessary that this Court enter judgment establishing the rights and obligations of the parties under the Warranty." (Doc. 50, Pg. ID 1451.) But the Court has already done that. The Summary Judgment Order plainly concludes that the Exclusive-Remedy is enforceable and that Plaintiffs are "limited to receiving the remedies they contracted for in the Limited Warranty." (Doc. 46, Pg. ID 1442.) The Exclusive-Remedy Clause does not afford Plaintiffs a right to a jury trial. So what is left of their breach of warranty claim must be resolved on the rights they have in

their contract with Defendants.

III

For the reasons above, Plaintiffs are limited to the exclusive remedy set forth in the Limited Warranty. A trial will be held on the OCSPA claim alone.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
