IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAEL AMOS, *et al.*, | : | Case No. 1:19-cv-719 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NVR, INC. *d/b/a* RYAN HOMES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion in Limine to Preclude Testimony of Brent Schulze (Doc. 62), Plaintiffs' Motion Seeking a Determination that Certain Witnesses are Unavailable for Purposes of Hearsay Exception (Doc. 63), and Defendant NVR Mortgage Finance, Inc.'s Motion in Limine (Doc. 65). Responses in opposition to each motion have been filed. (*See* Docs. 70, 71, 73). Thus, the motions are ripe for review.

**I.    Standard**

The purpose of motions in limine is "to avoid delay and ensure an evenhanded and expedient trial by ruling on certain evidentiary issues in advance of trial." *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio 2022). This Court adjudicates motions in limine under its "inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n. 4 (1984). Only when evidence is clearly inadmissible on all potential grounds should a court exclude evidence in limine. *Enoch*, 588 F. Supp. 3d at 811. "Unless

evidence meets this high standard, evidentiary rulings are generally deferred until trial[,] so that questions of foundation, relevance, and potential prejudice may be resolved in the [trial] context." *Id.* It is the moving party's burden to show that the evidence it seeks to exclude is clearly inadmissible. *Corp. Comm'n. Serv. of Dayton, LLC v. MCI Commc'n. Serv., Inc.*, No. 3:08-cv-046, 2010 U.S. Dist. LEXIS 45571, *1 (S.D. Ohio Apr. 12, 2010).

Denial of a motion in limine does not mean that the evidence is guaranteed to be admitted at trial; the court will hear objections to such evidence if and when they arise at trial. *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). And, the court has the discretion to alter a previous in limine ruling during trial. *Luce*, 469 U.S. at 41-42. The Court has been presented with three motions in limine and will address each in turn.

### I. Plaintiffs' Motion in Limine to Preclude Testimony of Brent Schulze (Doc. 62)

Plaintiffs' first motion in limine requests that this Court exclude the testimony of NVR Mortgage's witness, Brent Schultze. (*See* Motion in Limine on Brent Schulze, Doc. 62.) Plaintiffs claim that "the testimony from Schulze would be improper and potentially prejudicial to [Plaintiffs] because [Schulze's] identity was never disclosed during the course of discovery, and he was revealed for the first time as a potential witness in Defendant's Pre-Trial Statement." (*Id.* at Pg. ID 1505.)

Federal Rule of Civil Procedure 26(a)(3) "requires each party, as a part of its pretrial disclosures, to provide the name of each witness, including those the party expects to present and those it may call if the need arises, unless the witness is offered

2

solely for impeachment." *Clements v. Prudential Protective Servs., LLC*, 659 F.Appx. 820, 822-23 (6th Cir. 2016) (citations omitted). Rule 26(e) requires a party to, "in a timely manner," supplement the party's discovery responses "if the party learns that in some material respect the disclosure or response in incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."

While NVR Mortgage may have been untimely in submitting Schulze as a witness, the Court finds that this act does not warrant the exclusion of Schulze at trial. Schulze was submitted as a witness on the parties' Final Pretrial Order, which was filed on March 9, 2023. (*See* Final Pretrial Order, Doc. 58.) In turn, Schulze was disclosed as a witness to Plaintiffs over two months in advance of trial. Plaintiffs have had sufficient time to prepare themselves accordingly. Although this witness may have come to light after the close of discovery, Plaintiffs have not presented a sufficient argument to demonstrate that it will be "ambushed" by the inclusion of Schulze as a witness. Thus, NVR Mortgage's delay in producing Mr. Schulze as a witness is harmless and Plaintiffs' Motion in Limine to Preclude Testimony of Brent Schulze (Doc. 62) is **DENIED**.

### II. Plaintiffs' Motion Seeking a Determination that Certain Witnesses are Unavailable for Purposes of Hearsay Exception (Doc. 63)

In Plaintiffs' second motion, they request that this Court "deem certain witnesses

3

as unavailable und[er] [Federal Rule of Evidence] 804, and that testimony of statements by such witnesses be deemed statements against interest under [Rule] 804(b)(3), admissible under [Rule] 801(d)(2), or otherwise not inadmissible under any Rule of Evidence." (Motion in Limine Seeking Determination, Doc. 63, Pg. ID 1507.) In making this request, Plaintiffs note that some of Plaintiffs' potential witnesses "are either no longer employed by [Defendants] or are employed by [Defendants] in assignments where they are geographically distant from this Court." (*Id*. at Pg. ID 1507-08.) In turn, "Plaintiff[s] will likely be unable to procure the attendance of certain witnesses at the time of trial[,]" but "anticipate that the testimony of other witnesses may include recollections of statements made by such persons." (*Id*. at Pg. ID 1508.)

Hearsay is an out-of-court statement that "a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Unless an exception applies, hearsay is not admissible at trial. Fed. R. Evid. 802. It appears that Plaintiffs are requesting that the Court find a way for these various, unnamed individuals to have their declarations included at trial without violating the hearsay rule. *See* Fed. R. Evid. 801(d)(2) (statements made by an opposing party is not hearsay); Fed. R. Evid. 804(b)(3) (unavailable declarant's statement against interest is a hearsay exception).

At this juncture, Plaintiffs' motion is premature. The Court cannot know the specific statements to be made by the parties' witnesses at the time of trial. In turn, the Court is not in a position to know what evidence will be presented to invoke these unknown and unidentified declarants. This is the sort of evidentiary question that is better resolved at the trial, if or when it arises. Accordingly, Plaintiffs' motion is **DENIED**.

III.     **Defendant NVR Mortgage Finance, Inc.'s Motion in Limine (Doc. 65)**

The Court now turns its attention to NVR Mortgage's motion in limine. In its motion, NVR Mortgage requests that this Court prevent Plaintiffs from "[o]ffering any reference to, testimony, questioning, or argument about Defendant NVR, Inc. *d/b/a* Ryan Homes' ("Ryan Homes") or Plaintiffs' conduct after the time of the closing of the home." (Defendant's Motion in Limine, Doc. 65, Pg. ID 1519.) In support of its motion, NVR Mortgage maintains that Ryan Homes' and Plaintiffs' conduct after closing is irrelevant to the issues to be tried and are likely to confuse and mislead the jury. (*Id*. at Pg. ID 1523.)

NVR Mortgage cites to *Nair v. Columbus State Community College* to support its argument. The court in *Nair*, when reviewing various motions in limine, found that certain emails written after the alleged misconduct were irrelevant and inadmissible at trial. *Nair v. Columbus State Cmty.* College, No. 2:02-cv-595, 2008 U.S. Dist. LEXIS 90831, at *62-63 (S.D. Ohio Aug. 12, 2008). Unlike *Nair*, NVR Mortgage is seeking a broad exclusion of evidence—that any reference to Ryan Homes and Plaintiffs' conduct after closing be excluded. There is an inherent difficulty in making determinations on these sorts of broad, pre-trial request for exclusions. In fact, the court in *Nair* comments on this difficulty, stating that "[c]ourts are generally reluctant to grant broad exclusions of evidence in limine . . . because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id*. at *2 (citation omitted). Thus, the issues presented in NVR Mortgage's motion are better suited for trial and, therefore, NVR Mortgage's motion is **DENIED**.

## IV. Conclusion

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiffs' Motion in Limine to Preclude Testimony of Brent Schulze (Doc. 62) is **DENIED**;

2. Plaintiffs' Motion Seeking a Determination that Certain Witnesses are Unavailable for Purposes of Hearsay Exception (Doc. 63) is **DENIED**;

3. Defendant NVR Mortgage Finance, Inc.'s Motion in Limine (Doc. 65) is **DENIED**.

**IT IS SO ORDERED.**

                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF OHIO

                                      By: *Matthew W. McFarland*
                                      JUDGE MATTHEW W. McFARLAND